# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CARLTON PAUL PINKERTON,** *et. al.*, ) ) ) **Plaintiffs,** ) ) vs. ) ) ) **JAIME MIGUE (JIM) BARDIA,** *et. al.*, ) ) ) **Defendants.** | Civil Action Number **2:20-cv-01752-AKK** |

## MEMORANDUM OPINION

Jaime Miguel (Jim) Bardia removed this case from the Circuit Court of Shelby County, Alabama asserting this court has diversity jurisdiction. Doc. 1. For the reasons stated below, Mr. Bardia has not shown the parties are diverse to trigger the court's jurisdiction over this dispute. Accordingly, this action is due to be **REMANDED** to the Circuit Court of Shelby County, Alabama for further consideration.

### I.

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Lower federal courts can only hear cases that are "'within the judicial power of the United States as defined by Article III of the Constitution,'" and that Congress has authorized them to hear through a grant of

1

jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410 (citations omitted). A defendant may remove a case from state court to federal district court if the court would have had original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes diversity jurisdiction, *see PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016), which exists if no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). In this case, the amount in controversy is clearly met, with the plaintiffs asserting $500,000 in damages. However, Mr. Bardia has not shown complete diversity exists between the plaintiffs and the defendants.

## II.

In his Notice of Removal, Mr. Bardia did not allege facts showing the citizenship of the members of plaintiff JRT Wind, LLC or his co-defendant Prudencia, LLC. Doc. 1. This failure is significant because "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint only identified one of the members of the plaintiff

JRT Wind—Mr. Stott, an Alabama citizen. Doc. 1 at 4. The other members of JRT Wind were identified generically as "other investors," and their citizenship was not provided. Doc. 1 at 6. In the absence of the identity of all the members of JRT Wind and their citizenships, Mr. Bardia has not shown that all of the members of JRT Wind are completely diverse from him or the other defendant. Further, Mr. Bardia did not provide the citizenship information for the members of the defendant Prudencia. Doc. 1 at 1-3. Instead, Mr. Bardia asked the court to ignore this defendant by stating that Prudencia "is believed to be defunct." Doc. 1 at 1. Whether Prudencia is defunct or an actual ongoing LLC, it is still a defendant this case. And, as an LLC, the court must know the state of citizenship of Prudencia's members (or former members) to determine if it has diversity jurisdiction.

### III.

A party seeking removal bears the burden of establishing that jurisdictional requirements are met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). And, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Am. Tobacco Co.*, 168 F.3d at 410. In this case, Mr. Bardia has not identified all of the members of the plaintiff JRT Wind and the defendant Prudencia, thereby preventing the court from determining if complete diversity exists. Therefore, because "federal courts are directed to construe removal statutes strictly. . . [, and] all doubts about jurisdiction

should be resolved in favor of remand to state court," *Univ. of S. Ala.*, 168 F.3d at 411, the court finds its original jurisdiction lacking and this case is due to be **REMANDED** to the Circuit Court of Shelby County, Alabama.

The court will enter an appropriate order.

**DONE** the 17th day of November, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE